## 55617. ERWIN v. GOLD KIST, INC. et al.

BIRDSONG, Judge.
Appellant Erwin and appellee Osborne, an employee of appellee Gold Kist, were each driving vehicles in the same direction outside the city limits of Athens. The two vehicles were proceeding north on a four-lane, divided highway, Erwin in the curb lane and Osborne in the median lane. It is undisputed that Erwin attempted to make a left turn. Osborne contended that Erwin turned from the right (curb) lane into his (Osborne's) path, through the left (median) lane and that he (Osborne) was unable to avoid striking Erwin in the left rear. Erwin on the other hand testified that he moved to the left lane prior to attempting to make a left turn and was unexpectedly struck from the rear by Osborne. A state patrol officer was called as a witness and over objection was allowed to testify that in his opinion, based upon the position of the automobiles and the location of the

damages to the cars, Erwin's car proceeded from the right lane through the left lane while attempting to make a left turn. The opinion evidence was objected to on the grounds that an insufficient predicate was laid for the admission of expert opinion testimony evidence and that the opinion went to the ultimate issue and thus invaded the province of the jury. The jury returned a verdict for the defendants (appellees). Erwin unsuccessfully moved for a new trial on the same contention of erroneous admission of the expert's testimony. In his appeal, Erwin enumerates as error the improper admission of the above described opinion testimony. *Held:*

Prior to his opinion, the witness testified that he had been to troopers' school and learned among other things traffic accident investigation. He testified that he had investigated over 50 highway accidents. He observed the skidmarks of Osborne's vehicle, the location of the point of impact, the location of the damages to Erwin's vehicle, and other qualifying indicia of the accident. The trial court expressly found that the trooper was qualified to give an expert opinion. We note the trooper did not try to place blame or negligence or degrees thereof, but simply gave his opinion as to the path of the two vehicles immediately prior to the accident based upon the physical facts and his prior experience.

The opinion of experts, on matters within their area of expertise, is admissible (Code Ann. § 38-1710), especially when the expert has himself observed the facts and gives his opinion based upon his own observations. *Perry v. State,* 110 Ga. 234 (1) (36 SE 781); *Bullington v. Chandler,* 110 Ga. App. 803, 804 (140 SE2d 59). The arguments presented by Erwin in his motion for new trial and now before this court were considered and rejected by this court in *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439 (197 SE2d 459). Likewise we find no error in the admission of the testimony of the expert witness.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED APRIL 10, 1978 — DECIDED JUNE 22, 1978.

*Hudson & Montgomery, Jim Hudson,* for appellant.
*Erwin, Epting, Gibson & McLeod, Gary B. Blasingame,* for appellees.