## 71646. RANK v. THE STATE.

(345 SE2d 75)

CARLEY, Judge.

Appellant was indicted on one count of homicide by vehicle, one count of driving under the influence, and one count of driving on the wrong side of the roadway, all as the result of a single automobile collision. A jury found him not guilty of homicide by vehicle in the first degree and of driving under the influence. However, the jury returned a guilty verdict as to driving on the wrong side of the roadway and homicide by vehicle in the second degree. Appellant appeals from the entry of judgment on the guilty verdicts.

1. Appellant asserts that a conviction of homicide by vehicle in the second degree was not an authorized verdict which could be returned under the indictment. Count One of the indictment is denominated "Homicide by Vehicle-First Degree." However, the indictment alleges elements which, if proven, would authorize a jury to find appellant guilty of the offense of homicide by vehicle in either the first or the second degree. Count One charged, in pertinent part, that appellant did, "without malice aforethought, cause the death of [the victim], a human being, while said accused was then and there under the influence of an intoxicating liquor, *and* while operating a motor vehicle on the wrong side of a certain road. . . ." (Emphasis supplied.) The record reveals that the jury was charged as to both first and second degree vehicular homicide.

Appellant first contends that the indictment is fatally flawed because it is too indefinite and ambiguous to appraise him of the charge which is being brought against him. "Generally, the principle is well established in Georgia that 'It is immaterial what the offense is called, if the averments of the presentment are such as to describe an offense against the laws of the [S]tate. It is not the name given to the bill which characterizes it, but the description in the averments of the indictment. [Cit.]' [Cits.]. . . . It is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy. [Cits.]" *State v. Eubanks*, 239 Ga. 483, 484-485 (238 SE2d 38) (1977). Accordingly, the denomination of Count One of appellant's indictment as a charge of "Homicide by Vehicle in First Degree" is immaterial. *State v. Eubanks*, supra. "It is the description of the crime, rather than the description and number of the section under which it appears in the Code which furnishes the criterion for determining whether the indictment is good. [Cit.]. . . . '[I]t is the description of the crime given in the indictment, the criminal acts alleged therein to have been committed, that characterizes the offense.'" *Curtis v. State*, 80 Ga. App. 244, 246 (1b) (55 SE2d 758) (1949). As noted above, the descriptive averments of Count One of the indictment were sufficient to charge

appellant with *both* first and second degree homicide by vehicle.

The issue then becomes whether a defendant may be charged, in one count of an indictment, with both first and second degree vehicular homicide. "While a defendant can not be charged with *separate and distinct* offenses in one count of an indictment, offenses of the same nature and differing only in degree may be joined in one count of the same indictment. . . . The test is whether the acts charged· in the indictment relate to but one transaction. [Cits.]" (Emphasis in original.) *Bennings v. State*, 53 Ga. App. 218 (1) (185 SE 370) (1936). It has long been the rule in Georgia that different grades of the same offense may be alleged in the same count of an indictment. See *Long v. State*, 12 Ga. 293 (3) (1852). It seems clear that OCGA § 40-6-393 establishes but one offense of "homicide by vehicle" and two grades of that offense, to wit: First degree and second degree. The act of causing the death of another by commission of a traffic violation is necessary to constitute the crime in either case. "The law considers, however, that [causing the death by commission of certain traffic violations] is attended with more immediate and serious consequences than [causing the death by commission of any other traffic offenses]; and therefore it is, that a distinction is made in the punishment. The former constitutes *the offense* with greater enormity." (Emphasis in original.) *Long v. State*, supra at 315. Thus, OCGA § 40-6-393 (a) and (c) constitute the offense of homicide by vehicle in the first degree and make that grade of the offense punishable as a felony, whereas OCGA § 40-6-393 (b) defines the offense in the second degree and makes that grade punishable as a misdemeanor. "[D]ifferent grades of the same offense may be charged in one count, provided in that count, the offense is described in the language of the Code, or so plainly that the jury may easily understand the nature of the offense. . . . That is plainly done in this indictment. . . . [The trial court] instruct[ed] [the jury] as to their right to find the one grade or the other, and as to the form of their verdict. Nor has [appellant] any cause to complain, that he [was] not notified of the crime which he [was] to defend against. He [was] charged with the one offense, to wit, [vehicular homicide]; and he [was] charged with committing it in [two of] the modes in which it may be committed. He must at his peril, [have been] prepared to meet the offense, whether committed in the one way or the other. . . . [Since he was] found guilty of the lower grade, then the verdict applies to that part of the indictment which is descriptive of that grade of the offense, and the judgment will go accordingly." *Long v. State*, supra at 317-318. Accordingly, appellant's conviction under the indictment for homicide by vehicle in the second degree is not erroneous.·

2. Appellant further contends that his conviction for both second degree vehicular homicide and driving on the wrong side of the road

cannot stand. In *Woods v. State*, 233 Ga. 495, 501 (212 SE2d 322) (1975), our Supreme Court held: "Proof of the elements of the offense of felony murder necessarily requires proof of the elements of the felony. [Cit.] Thus, the felony is a lesser included offense of felony murder under [OCGA § 16-1-6] and conviction of both offenses is proscribed under the provisions of [OCGA § 16-1-7]." The same analysis would apply to the offense of vehicular homicide, wherein the underlying traffic violation is a "lesser included offense." See *Brock v. State*, 146 Ga. App. 78, 82 (245 SE2d 442) (1978). Accordingly, following the authority of *Woods*, supra, and *Brock*, supra, we hold that, under the circumstances in the instant case, the offense of driving on the wrong side of the road merged into the crime of second degree vehicular homicide. Appellant's separate conviction for the underlying traffic violation is therefore reversed.

3. Over appellant's objection, the trial court admitted opinion testimony from two investigating police officers concerning the relative positions of the two vehicles immediately prior to the collision. Appellant asserts that, as to this testimony, the officers were erroneously ruled to be qualified as experts. In the case at bar, the evidence showed that the two police officers had a combined total of more than 20 years experience with the Georgia State Patrol, including substantial special training in traffic accident investigation. Together, they had investigated several hundred traffic accidents, many of them involving serious injury or death. The trial court clearly did not abuse its discretion in qualifying the officers as experts and in allowing their opinion testimony into evidence. See generally *Massee v. State Farm &c. Ins. Co.*, 128 Ga. App. 439 (197 SE2d 459) (1973); *Erwin v. Gold Kist*, 146 Ga. App. 372 (246 SE2d 404) (1978).

4. Appellant asserts that there was insufficient evidence to support the jury's verdict. However, it is clear from the record that there was evidence sufficient to authorize any rational trior of fact to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SE 2781, 61 LE2d 560) (1979).

5. For the reasons discussed, appellant's conviction of homicide by vehicle in the second degree is affirmed and his conviction of driving on the wrong side of the road is reversed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 22, 1986 —
REHEARING DENIED MAY 7, 1986 —

*J. Converse Bright*, for appellant.

*H. Lamar Cole, District Attorney*, for appellee.