## 75702. ASKEW v. THE STATE.
(363 SE2d 844)

DEEN, Presiding Judge.

Kennie Askew appeals from his convictions of armed robbery and possession of a weapon during the commission of a felony. The evidence showed that a Domino's Pizza delivery boy was robbed at gunpoint while delivering a pizza to a residence. The victim was ordered to place all of his money in a plastic bag and to drive the long way back to the store. He gave the police a detailed description of the robber, but stated he was too frightened to get a close look at the robber and, as a result, he could not identify anyone from a photographic line-up. A police technician testified that she seized a temporary Georgia Driver's License in appellant's name from the house where the robbery occurred. Another officer, a fingerprint expert, testified that she was able to take two palmprints and a fingerprint of appellant's from items found in the house. A fingerprint match was also made from a pizza box found in the oven. The owner of the house testified that appellant had called her at Lake Jackson the day before the robbery and asked if he could move into the house to take care of it. She denied him permission, but agreed to meet him at the house two days later. When she arrived at the house, after being notified of the robbery, she noticed white spray paint on several doors, windows, and walls inside the house. One wall had "Satin was here" painted on it. When the defendant was asked, on cross-examination, how he spelled "Satan," he replied, "S-A-T-I-N." Approximately three weeks after the robbery, Askew was arrested as he was leaving a blood plasma bank. At the police station, he gave a statement admitting to the robbery after signing a waiver of his *Miranda* rights.

1. A police officer was qualified as an expert after she testified that she had been a watch supervisor in evidence and identification for six years, that she had been trained in two FBI schools in fingerprint classification and analysis, and had attended four seminars on fingerprint comparison. She had lifted approximately 5,000 fingerprints and made 2,000 comparisons as part of the on-the-job experience and had previously testified in court as to comparisons that she had made.

Appellant contends that she should not have been qualified as an expert because she stated twice that she did not consider herself to be an expert. "The question of whether or not a witness is entitled to be designated as an expert addresses itself to the sound discretion of the trial court. [Cit.] The doubt as expressed by the witness did not denigrate her credentials." *Merrill v. State*, 130 Ga. App. 745, 753 (204 SE2d 632) (1974). This enumeration is without merit.

2. Appellant contends that because no visual verification of the fingerprint comparisons and identifications was presented at trial the

fingerprint evidence was admitted without proper foundation. The expert witness testified that the prints she considered as belonging to the defendant had a minimum of eight points of comparison, although she could not identify the points for the jury without a magnifying glass.

As stated in Division 1 above, the witness was an expert and it was not necessary for the State to introduce magnification of the prints at trial to demonstrate the points of similarity. *W. B. S. v. State*, 163 Ga. App. 471 (294 SE2d 705) (1982). Appellant's right of cross-examination was not abridged, as he was free to question the witness as to the tests and procedures utilized in making the comparisons.

3. On cross-examination, Askew testified that he did not touch the pizza box on which his fingerprints were found. The State offered the testimony of Barbara Bower and Dora Tabb in rebuttal. The former had previously testified as a fingerprint expert and the latter was her supervisor.

It has long been established that on rebuttal the State may recall a witness to bring out some additional evidence. On cross-examination, Officer Bower offered to take one of the fingerprint identifications back to the lab and have her supervisor, Officer Tabb, verify the comparison. Defense counsel responded, "That will be fine if you want to do that." On rebuttal Officer Bower testified that she had returned the print for verification by Officer Tabb. The State then called Officer Tabb who was qualified as an expert in fingerprint analysis and comparison. She verified the prints analyzed by Officer Bower. Officer Tabb was therefore called in rebuttal to show that the defendant's testimony that he had not handled the pizza box was incorrect. This testimony did not constitute an abuse of the trial court's discretion and we find no error.

4. It was also not error to permit the Vice-President of Operations for Domino's Pizza to testify that Askew had been fired from his employment with the company. This testimony was admitted for the limited purpose of showing malice or bias towards the company. Evidence of prior difficulties between the victim and the accused is admissible to illustrate motive, intent, or bent of mind towards the victim. *Hales v. State*, 250 Ga. 112, 113 (296 SE2d 577) (1982).

5. Appellant incorrectly alleges that the court below erred in allowing Detective Hesse to be qualified as an expert on victim identification of perpetrators. The transcript shows that the witness was qualified as an expert in police work after she testified that she had been in police work for six and one-half years, had interviewed numerous victims and gave her opinion as to the ability of witnesses to give accurate descriptions of crime perpetrators. "The opinion of experts, on matters within their area of expertise, is admissible . . . es-

pecially when the expert has himself observed the facts and gives his opinion based upon his own observations. [Cits.]" *Erwin v. Gold Kist*, 146 Ga. App. 372, 373 (246 SE2d 404) (1978).

6. As appellant has not supported enumerations 6 and 7 by argument or citation of authority, they are deemed to be abandoned. *Carey Canada v. Hinely*, 181 Ga. App. 364 (8) (352 SE2d 398) (1986).

7. Appellant claims that the case was based wholly upon circumstantial evidence and the verdict cannot stand as the evidence fails to exclude every other reasonable hypothesis save the guilt of the accused.

We must disagree with this contention. The State introduced a two-page statement given by appellant shortly after his arrest which was a full confession of the armed robbery. Extensive evidence of fingerprint comparison and identification was presented which linked him to the crime scene. We therefore find that there was substantial evidence of appellant's guilt presented to the jury and, based on this evidence, a rational trier of fact could have found him guilty beyond a reasonable doubt.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED DECEMBER 3, 1987 —
REHEARING DENIED DECEMBER 14, 1987.

*John A. Pickens*, for appellant.

*Robert E. Wilson, District Attorney, Thomas Morgan, Helen A. Pryles, Assistant District Attorneys*, for appellee.