### 76834. GOSS v. THE STATE.
(372 SE2d 5)

DEEN, Presiding Judge.

The appellant, Austin Goss, was convicted of burglary, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On appeal, he contends that the trial court erred in allowing the State to introduce evidence of prior difficulties between the victim and himself.

Around midnight on June 17, 1985, Goss and his nephew, Tommy Greenway, went to the mobile home of J. C. Smith, who owed Goss money for some previous drug purchases. Smith saw that Goss and Greenway were armed with handguns and chains, and he ran into his bedroom and fetched a rifle. Greenway forced open the door, saw Smith and fired; Smith returned fire with his rifle, and shot and killed Greenway. Goss then fired several shots through the door and departed.

The State was allowed to present Smith's testimony that he had purchased "crack" or "speed" from Goss on previous occasions for his own use and to sell; that Goss had warned him about bad things happening to one who does not pay him; and that he owed Goss $350 at

the time of the shooting. The State was also allowed to present the testimony of Smith's wife about her multiple purchases on credit of "speed" from Goss, resulting in an outstanding balance of almost $500. Approximately 2-3 weeks before the shooting, Goss had come to their mobile home trying to collect, and ended up pushing Smith's wife down on the bed, getting on top of her with his knees on her arms, and kissing and slobbering all over her. Goss's efforts were interrupted when Smith's daughter started biting him, and he left.

Goss contends that the above testimony of both Smith and Smith's wife should have been excluded, because its prejudicial effect far outweighed whatever probative value it may have had. "Although evidence of prior difficulties should be received with care and should not be admitted at all if there is no probative connection with the present case, *Barnes v. State*, 157 Ga. App. 582 (277 SE2d 916) (1981), where the evidence sheds light on the defendant's conduct toward the victim, its relevance outweighs its prejudicial effect." *Cooper v. State*, 256 Ga. 234 (347 SE2d 553) (1986). In this case, evidence of the previous drug sales between Smith and Goss that created Smith's debt to Goss certainly helped explain Goss's motivation or conduct on the night of the shooting. The testimony of Smith's wife was one step further removed, but it possessed sufficient probative value to be admissible, for the same reason as Smith's testimony.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 7, 1988 —
REHEARING DENIED JULY 25, 1988 ▮

*William L. Reilly*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.