A92A2109. MADARIS v. THE STATE.
(427 SE2d 110)

BLACKBURN, Judge.

The appellant, Michael Madaris, was convicted of one count of armed robbery, for which he was sentenced to ten years' imprisonment. On appeal, he contends that the trial court erred in admitting into evidence testimony recounting prior consistent statements of the

victim, and in denying his motion for new trial on the ground that the verdict was strongly against the weight of the evidence.

At the trial, the victim testified that shortly before midnight on May 24, 1991, he was about to close the convenience store which he managed, when an individual entered the store wielding what appeared to be a sawed-off shotgun and demanding that the victim give him the money in the cash register. Initially, the victim thought it was a joke, because he recognized the robber as a frequent customer of the store. When he realized that the robber was serious, he complied with his demands. After receiving the cash register receipts, the robber fled on foot, and the victim notified the police. A composite drawing was created from the victim's description of the robber.

Approximately six months after the robbery, in a chance meeting at a hospital emergency room, the victim recognized the appellant as the man who had robbed the store. He contacted the police and positively identified the appellant as the robber, and the appellant was arrested. During the trial, the victim again positively identified the appellant.

The trial testimony also showed that an apartment complex was situated about 150 yards from the convenience store. The apartment complex records indicated that the appellant had resided with his wife and child at that complex from July 1990 until around June 4, 1991, when they evacuated the premises with an arrearage of rental payments in the amount of $2,475.

The appellant did not testify, but several family members and one family friend testified in support of his alibi defense. Specifically, the appellant's wife, mother, stepfather, father-in-law, mother-in-law, two sisters-in-law, uncle, three aunts, and the family friend all stated that the entire family had gone to Jackson Lake for the Memorial Day weekend. They accounted for the appellant's presence from around 5:30 p.m. or 6:00 p.m. on Friday, May 24, 1991, until the following Sunday evening. The family members also testified that the appellant had moved in with his in-laws around the middle of May 1991.

1. At trial, four police officers, and a friend of the victim who was with him when he recognized the appellant at the hospital emergency room, testified that the victim had emphasized that he was absolutely positive of his identification of the appellant as the robber. Counsel for the appellant objected to the admission of this testimony by the victim's friend and one of the police officers only, on the grounds that it constituted inadmissible hearsay.

The Supreme Court has held that both prior inconsistent statements and prior consistent statements of witnesses are admissible as substantive evidence. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). The ap-

pellant concedes that the testimony objected to in this case is admissible under *Gibbons* and *Cuzzort*, but he contends that those two cases should be overruled, which is beyond the authority of this court. "[W]herever the Supreme Court has set up 'an established marked line, though crooked,' we have no power to overrule it." *Minor v. City of Atlanta*, 7 Ga. App. 817, 819 (68 SE 314) (1910).

2. The appellant also contends that the trial court should have granted his motion for new trial on the grounds that the verdict was strongly against the weight of the evidence. OCGA § 5-5-21 authorizes a trial court to grant a new trial for that reason, but such a matter is addressed to the trial court's discretion alone. *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988). This court will consider only the sufficiency of the evidence. *Daniel v. State*, 180 Ga. App. 687, 688 (1) (350 SE2d 49) (1986).

On appeal, this court must review the evidence in the light most favorable to support the verdict and determine whether any rational trier of fact could have found the appellant guilty beyond a reasonable doubt of the offense as charged. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). Determinations of witness credibility, weighing the evidence, and resolutions of conflicts presented by the evidence are within the province of the jury. *Hargrove v. State*, 202 Ga. App. 854 (415 SE2d 708) (1992). In the instant case, the jury decided those evidentiary conflicts adversely to the appellant, and viewing the evidence in accordance with the above standard, we find it sufficient to support the appellant's conviction.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 22, 1993.

*Cowen & Cowen, Martin L. Cowen III*, for appellant.

*Robert E. Keller, District Attorney, Gina C. Shuman, Deborah C. Benefield, Assistant District Attorneys*, for appellee.