### A97A0299. LINDLEY v. THE STATE.
(484 SE2d 33)

BIRDSONG, Presiding Judge.

Belinda Lindley appeals her conviction of possession of cocaine

---

of the items taken from his vehicle are contained in the record.

with intent to sell in violation of the Georgia Controlled Substances Act. *Held*:

1. Appellant contends the trial court erred by denying her motion for a directed verdict of acquittal at the close of the State's case, as the State had failed to present competent evidence of intent to distribute.

" '[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law.' " *Alexander v. State*, 263 Ga. 474, 478 (3) (435 SE2d 187). The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). Further, "on appeal of the overruling of a motion for directed verdict of acquittal made at the close of the state's case in chief, the reviewing court can consider all the evidence in the case in determining whether the trial court erred in overruling the motion." *Bethay v. State*, 235 Ga. 371, 374-375 (1) (219 SE2d 743).

The evidence as to appellant's criminal culpability, including the nature of her intent, was in conflict; further, witness credibility was in issue. The facts of this case, viewed in a light most favorable to support the verdict, reveal that the police received a call at 1:50 a.m. from an unidentified source that drugs were being sold and used at a certain apartment house. The police responded and upon arriving at the location observed a Ford Thunderbird parked at one end of the apartment building with five or six people standing around the vehicle. However, appellant, who was wearing an orange shirt and black shorts, was the only person standing on the passenger side of the vehicle. As the arresting officer approached, all the other persons "pretty much stayed put," except appellant who "[bent] down and with her left hand [threw] something white in color under the car." The officer was standing an estimated 25 feet (the distance from the witness stand to the first court "pew") from appellant at the time. No one else walked by appellant at any time. At first the officer did not know whether appellant was going for a gun; her movements were "out of the ordinary," and no one else at the scene moved. After throwing the object under the car, appellant began "to walk away." The arresting officer ordered appellant to stop. After securing the scene, the arresting officer found a white Oatmeal Creme Pie box under the car. The officer opened the box and found it to contain a pill box with crack cocaine and a bag containing some small grey plastic bags with cocaine in them. There were approximately 51 pieces of

cocaine in the oatmeal box. The arresting officer checked under the car again, and determined there were no other boxes, bags, wadded-up paper, or anything else in that area at that time. The officer made an in-court identification of appellant as the person who threw the Oatmeal Creme Pie box under the car.

This case is distinguishable from the facts in *Stephens v. State*, 219 Ga. App. 881 (1) (467 SE2d 201) where the only evidence as to intent to distribute was based on the opinion testimony of a police officer who was neither tendered *nor* qualified as an expert on the use of illegal drugs. Rather, we find the case at bar controlled by our holding in *Davis v. State*, 200 Ga. App. 44, 45 (1) (406 SE2d 555), where the officer's opinion testimony, as to the uses and activities of drugs on the street and how they were dealt, was based upon his training and experience working on the street — as was his opinion that "the amount of cocaine discovered would generally be for distribution, as opposed to personal use." Id. at 45 (2). "Generally nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession; and special knowledge in regard to a particular subject may be derived from experience as well as study and direct mental application." *Carter v. Marble Products*, 179 Ga. 122, hn. 1 (175 SE 480); accord *Smith v. State*, 210 Ga. App. 451, 452 (3) (436 SE2d 562).

In this case, the officer was not affirmatively tendered to the court as an expert witness either before or at the time he rendered his opinion testimony. However, the record reveals that he possessed the following education, training and experience: the officer had a high school education; he was a patrol sergeant; he worked for the county sheriff's department for six and one-half years; he then obtained employment with the city police department and has been with that agency for approximately eleven years; he attended the eight-week police academy course; and in the city police department, he started out as a patrol officer, was promoted to detective, Special Investigations Division (SID), where he served for approximately two years investigating "crimes . . . out of the norm," such as drug cases, vice, and gambling; he next was detailed to the sheriff's department and worked with the narcotics task force; and subsequently he was promoted to patrol sergeant. During the two years he was in SID, approximately 95 percent of the cases he investigated were drug cases, of which 80 percent involved cocaine. In this assignment, he would often make between two and five drug buys a night, arresting approximately sixteen to twenty persons a month. He attended numerous schools involving drug identification and drug awareness, including a school presented by the DEA in Macon, Georgia, which was "geared toward drugs," and several courses at the sheriff's department taught by the head of the narcotics division. In these

later courses he was taught how cocaine was sold. On the grounds that the witness was not qualified as an expert, appellant objected to the opinion testimony of the officer as to how he identified a dealer of crack cocaine. The State erroneously responded that it was not offering the testimony as an expert opinion but that based on the witness' "experience" in law enforcement and that the witness was capable of responding "as an officer." The trial court overruled the objection which implicitly constituted its acceptance of the officer's expert qualifications. Compare *Stewart v. State*, 246 Ga. 70, 75 (4) (a) (268 SE2d 906) (where the State did not ask the court to accept the witness as an expert, but the defendant specifically objected to the testimony on the grounds the witness had not been so qualified; the trial court's overruling of the objection "in effect" accepted the witness as an expert). The witness then testified users generally do not have the cocaine rocks on them for any period of time, as they tend to smoke it up relatively soon after buying it; a dealer on the other hand will have five or ten rocks or more, either on his person or in the general area. Subsequently, the witness testified without objection that, based on his experience, a person who is in possession of 51 rocks of crack cocaine is dealing cocaine; they are not using it; users generally have only one to three rocks on them and then only for a short period of time. He further testified without objection that a $10 rock in Atlanta is worth $20 in other areas and that the value of the 51 rocks was approximately $1,010.

Moreover, during argument on appellant's motion for directed verdict of acquittal, appellant contended that the arresting officer was not properly qualified as an expert and could not be qualified as such in this case. Thereafter, the trial court expressly ruled that the arresting officer was "qualified" as an expert. Although the ruling was not a model of clarity, it appears that the trial court, while perhaps believing the officer lacked formal education and training, determined he was qualified as an expert based on his field experience. The trial court did not abuse its discretion in finding the officer qualified as an expert based on his considerable experience in drug offense investigations. Compare *Bevil v. State*, 220 Ga. App. 1, 2 (5) (467 SE2d 586). While we agree that in the absence of qualification as an expert witness the officer could not testify as to how a dealer in crack cocaine could be identified by the amount of cocaine in his possession (*Stephens*, supra; *Stewart*, supra), in this case the record establishes that the trial court sua sponte both tacitly and expressly accepted the officer's expert qualifications; under such circumstances, we find that the State is not required to make a formal tender of the witness as an expert. We further note that the trial court charged the jury as to expert testimony and that appellant has enumerated no error regarding such a charge.

Review of the entire transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which she was found guilty. *Jackson v. Virginia*, supra. As the evidence was sufficient to authorize the jury to find appellant guilty of possession of cocaine with intent to sell beyond a reasonable doubt, it was not error to deny appellant's motion for a directed verdict of acquittal. See *Humphrey*, supra.

2. Appellant's final enumeration is that the trial court erred in refusing to charge the jury as to the law pertaining to the issue of identification. Appellant timely tendered two written requests to charge — defense Request to Charge Nos. 19 and 20 on the issue of identification. The trial court declined to give the requested charges.

(a) Examination of appellant's Request to Charge No. 19 reveals that it is taken verbatim from Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2d ed.), p. 39. This charge has not been tailored to the facts of this particular case, and as tendered, it was potentially confusing to the jury. In particular, we note that the requested charge contains instructions as to a certain issue not reasonably raised by the evidence in this case — specifically, the requested charge states that the jury could consider as a factor in assessing reliability of identification "whether the witness, on any prior occasion, did not identify the defendant in this case as the alleged perpetrator." "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." *Harris v. State*, 202 Ga. App. 618, 621 (4) (c) (414 SE2d 919). We also note that this proposed charge acknowledges that the issue of identity is dependent upon the credibility of the witnesses concerned; the trial court gave detailed charges as to witness credibility and impeachment, and appellant has enumerated no errors regarding the contents of these charges.

(b) Examination of the trial court's charges to the jury in their totality reveals that the jury was adequately instructed as to the legal principles contained in appellant's Request to Charge No. 20. The charges given included: (1) the presumption of innocence; (2) that no person can be convicted until each and every element of the crime is proven beyond a reasonable doubt; (3) that the burden of proof rests upon the State; (4) that the defendant has no burden of proof to prove her innocence; (5) that the duty of the jury is to acquit if the State failed to prove defendant's guilt beyond a reasonable doubt; (6) that facts and circumstances merely placing a grave suspicion of the crime charged or which merely raise a speculation or a conjecture of defendant's guilt are not sufficient to authorize the conviction of the defendant; and (7) that mere presence at the scene of

the crime is insufficient to support conviction, unless the evidence shows beyond a reasonable doubt that such person committed the alleged crime, helped in the actual perpetration of the crime, or participated in the criminal endeavor.

A trial court does not err in failing to give an instruction in the exact language requested "where the court's charge substantially and adequately covered the principles contained in [the charge request]." *Harrison v. State*, 257 Ga. 528, 531 (4) (361 SE2d 149). The charges given by the trial court substantially and adequately covered all principles contained in appellant's Request to Charge No. 20; the trial court did not err in denying this charge request.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 10, 1997.

*Edwards & McLeod, Jennifer McLeod,* for appellant.
*David McDade, District Attorney, William J. Atkins, Assistant District Attorney,* for appellee.

