A94A1509. BARNETT v. THE STATE.
(449 SE2d 651)

POPE, Chief Judge.

Defendant was charged with two counts of felony murder, possession of a firearm by a convicted felon and two counts of aggravated assault. He was convicted by a jury of voluntary manslaughter, pos-

session of a firearm by a convicted felon, and two counts of pointing a pistol at another, and appeals.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant contends that the trial court erred in denying his motion to bifurcate for trial the charge of possession of a firearm by a convicted felon from the felony murder charges, and having refused to sever the charges, in failing to properly instruct the jury concerning the consideration of the evidence of his prior convictions. As to this issue, our Supreme Court has held that bifurcation is not required when the count charging possession of a firearm by a convicted felon is material to a more serious charge, as is the case when, as here, the possession of a firearm charge serves as the underlying felony for a felony murder charge. *Robinson v. State*, 263 Ga. 424 (435 SE2d 207) (1993); *Willis v. State*, 263 Ga. 70 (3) (428 SE2d 338) (1993); *Head v. State*, 253 Ga. 429 (3) (d) (322 SE2d 228) (1984). Although our Supreme Court has held that the trial court need not bifurcate, it has made it equally clear that, upon request, the trial court must carefully instruct the jury as to the proper limitations upon their consideration of any evidence of prior convictions. See *Head*, 253 Ga. at 432. In this case, both the defendant and the State requested that the trial court instruct the jury concerning the limited purpose for which they were to consider the evidence of prior convictions. The trial judge indicated on the defendant's request that he would give the charge requested by the State but failed to do so when he charged the jury. We agree with the defendant that this failure was error.

We must also determine, however, whether this error was harmful under the facts of this case. Contrary to the State's argument on appeal, the fact that the jury convicted defendant of the lesser offense of voluntary manslaughter does not demonstrate that the jury did not consider the irrelevant and prejudicial evidence of defendant's prior conviction in reaching their verdict. Indeed, if the court had given the State's written request, the jury would have been specifically instructed not to consider evidence of defendant's prior convictions in deciding his guilt or innocence of the crime of the lesser offense of voluntary manslaughter, as well as the greater offense of felony murder. As defendant argues, the introduction of evidence of prior convictions without proper limiting instructions placed defendant's character squarely in evidence, and may have influenced the jury to convict him based on his bad character and propensity to commit a crime. Moreover, although the evidence of guilt was sufficient, see Division 1, it was not overwhelming. Given the circumstances here, defendant is

entitled to a new trial.

3. Defendant's remaining enumerations have either been rendered moot by our holding in Division 2 or are unlikely to recur upon retrial. Thus, they need not be addressed in this opinion.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 25, 1994.

*Albert A. Myers III, Joseph F. Bertollo,* for appellant.
*Cheryl F. Custer, District Attorney, Nancy N. Bills, Assistant District Attorney,* for appellee.