## S96A1026. SHEPPARD v. THE STATE.
(476 SE2d 760)

BENHAM, Chief Justice.

This appeal is from Keith Brian Sheppard's convictions of felony murder and possession of a firearm during the commission of a crime.[1] He raises procedural and substantive arguments concerning the admission of evidence of prior difficulties between him and his former wife and her family, and contends that the evidence did not authorize his convictions.

1. The State presented evidence at trial to establish the following. Sheppard and Rickerson, the victim, were longtime friends and were related by marriage, having married sisters. Prior to the events leading to this appeal, Sheppard's marriage ended in divorce. When Sheppard's former wife told him, some two years after the divorce, that she intended to date other men, Sheppard began a series of harassing and provoking confrontations with his former wife and her family, including Rickerson. In at least one of those encounters, Sheppard pointed a rifle at his former wife and a group which included Rickerson's daughter. The confrontation in which Sheppard fatally shot Rickerson had its genesis in a series of hang-up telephone calls to Rickerson's home. Rickerson, suspecting that Sheppard was the caller, used a caller identification feature of his telephone to ascertain the area from which the calls originated. Rickerson's brother, dispatched to check the area from which the

---

[1] The crimes occurred on July 19, 1992. Appellant was arrested on the same day and was indicted on October 2, 1992, for murder, felony murder (aggravated assault), possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon. The trial commenced on October 11, 1994, and the jury returned its verdict on October 13, 1994, convicting Sheppard of felony murder and possession of a firearm during commission of a crime. Appellant was sentenced to life imprisonment for felony murder and received a five-year consecutive sentence for the firearm possession conviction. His motion for new trial, filed November 10, 1994 and amended June 5, 1995, was denied on February 13, 1996 and a notice of appeal was filed on February 28, 1996. The appeal was docketed in this Court on March 11, 1996 and was orally argued on June 10, 1996.

calls came, reported that he saw Sheppard at a pay phone in that area, repeatedly dialing and hanging up. Rickerson then began a search for Sheppard. When he found Sheppard, Rickerson followed him to a convenience store parking lot and angrily confronted him about the hang-up calls. During the confrontation, Sheppard extended a pistol from the window of his truck. Rickerson approached the truck and struck Sheppard in the face. Sheppard fired the pistol at that time, wounding Rickerson in the abdomen and causing him to bleed to death at the scene. The evidence was sufficient to authorize a rational trier of fact to find Sheppard guilty beyond a reasonable doubt of felony murder (aggravated assault) and possession of a firearm during commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Chien-Chyun Lee v. State*, 265 Ga. 112 (454 SE2d 761) (1995).

2. Sheppard's first complaint about the admission of evidence of prior difficulties is that the hearing pursuant to Uniform Superior Court Rule 31[2] to determine the admissibility of evidence of prior difficulties between Sheppard and Rickerson and between Sheppard and his former wife was conducted on the same day as trial. We find no requirement in the language of the rule that the hearing must be held on a different day. The rule requires only that "[t]he judge shall hold a hearing at such time as may be appropriate, and may receive evidence on any issue of fact necessary to determine the request, out of the presence of the jury." USCR 31.3 (B). The inclusion of the phrase, "out of the presence of the jury," implies that the hearing may occur after the trial has begun and the jury sworn, and this Court has found a mid-trial hearing acceptable for purposes of Rule 31. *Thaxton v. State*, 260 Ga. 141 (6) (390 SE2d 841) (1990). Sheppard has not contended that the timing of the hearing prejudiced him, and although we reiterate our statement in *Thaxton* that "it is preferable that the hearing be held before trial," we conclude that the trial court did not err in conducting the hearing immediately before the trial commenced.

3. Sheppard's second complaint about the prior difficulties evidence is that it involved Sheppard and his former wife and could not, therefore, illuminate Sheppard's bent of mind toward Rickerson or serve any other valid evidentiary purpose. We disagree with both Sheppard's characterization of the evidence and his assertion that the evidence did not serve a valid evidentiary purpose.

---

[2] Although Rule 31 pertains by its terms to evidence of similar transactions, this Court has made it applicable to evidence of prior difficulties, as well: "Before evidence of prior difficulties or quarrels can be presented to a jury, the trial court must conduct a hearing pursuant to Uniform Superior Court Rule 31.3 (B) just as it must do with respect to independent offenses or acts." *Maxwell v. State*, 262 Ga. 73 (2) (414 SE2d 470) (1992).

Although Sheppard is correct that all of the instances of prior difficulties as to which the trial court admitted evidence arose from Sheppard's relationship with his former wife, they did not all involve only Sheppard and his former wife. Of the eight separate instances of prior difficulty as to which evidence was admitted, four of them directly involved Sheppard and his former wife only: when informed that she desired to begin dating other men, Sheppard said he did not know what he would do about it; he called the next day and threatened to cut off child support if she dated other men; some two and one-half weeks later, he followed her to work; and just over three weeks prior to killing Rickerson, Sheppard again intimidated his former wife with his truck, almost running her off the road and threatening physical harm to her boyfriend.

The other four incidents all involved other family members, and three of them involved direct confrontations between Sheppard and Rickerson: two days after being informed that his former wife intended to begin dating, Sheppard called her on the phone, threatening and cursing her and using racial epithets and obscenities, then went to her home where he paced the perimeter of her property, slapping a stick in his hand in a menacing manner until Rickerson confronted him and took the stick; on the day after the stick incident, Sheppard returned to his former wife's home to retrieve some personal belongings, and began cursing and kicking the objects that had been placed for him to take, continuing until Rickerson confronted him and told him to leave because of the language he was using; one week later, Sheppard terrorized his former wife and their daughter, chasing her car with his truck and cursing; and just over one week after that, about six weeks before the killing, Sheppard confronted his former wife at a family gathering at Rickerson's home (a gathering to which Sheppard was not invited), pointing a rifle into her car (which was also occupied by her boyfriend, Sheppard's daughter, and Rickerson's daughter) until Rickerson pointed a rifle at him, whereupon he pointed his rifle at Rickerson, abandoning the standoff and backing away only when another family member pointed out to him that it was his own daughter he was harming with his behavior.

It thus appears, contrary to Sheppard's argument on appeal, that the incidents of prior difficulty as to which testimony was allowed were not limited to Sheppard and his former wife, and that those in which only Sheppard and his former wife were involved were part of a continuing and escalating pattern of harassment that extended to her family.

We disagree also with Sheppard's contention that the evidence was not admissible for any valid purpose.

Evidence of prior difficulties between an accused and a vic-

tim is a type of character evidence which "should be received with care and should not be admitted at all if there is no probative connection with the present case. . . ." [Cit.] For there to be a probative connection between the prior difficulties and the present case, there must be: "some link of association, something which draws together the preceding and subsequent acts, something which gives color of cause and effect to the transaction, and sheds light upon the motive of the parties. . . ." [Cit.]

*Maxwell v. State*, 262 Ga. 73 (2) (b) (414 SE2d 470) (1992). Other valid purposes for which evidence of prior difficulties may be introduced are to shed light on the state of feelings between the accused and the deceased (*Boling v. State*, 244 Ga. 825 (5) (262 SE2d 123) (1979)) (evidence that Boling left bruises on the victim's throat during an argument three weeks before he choked her to death) or to show a continuous course of conduct. *Harley v. State*, 263 Ga. 875 (2) (440 SE2d 178) (1994) (evidence that Harley kidnapped his wife on the day before he kidnapped his daughter and granddaughter, beating the former and killing the latter). In the present case, the three instances in which Rickerson confronted Sheppard because of Sheppard's abusive conduct toward other family members would clearly be admissible to show the state of feelings between Sheppard and Rickerson, especially when taken together with evidence that Rickerson, after the standoff with rifles, told his wife that his relationship with Sheppard would never be the same, and told Sheppard's brother that he (Rickerson) would have to "deal with" Sheppard for pointing a firearm into a car containing Rickerson's daughter.

Although we believe this case represents the outer limit of admissibility, as evidence of prior difficulties, of testimony concerning incidents in which the victim was not directly involved, we conclude that the other five incidents involved in this case were properly admitted to "draw together the preceding and subsequent acts [and give] color of cause and effect to the transaction . . .," (*Maxwell*, supra) and to show a continuous course of conduct. *Harley*, supra. Without showing the escalation of Sheppard's abuse of his former wife and her family over the period of a few months, the State would have been unable to explain adequately Rickerson's involvement in the struggle between Sheppard and his former wife or the level of hostility between Sheppard and Rickerson which led to their fatal confrontation. We conclude, therefore, that the trial court did not err in admitting the evidence of which Sheppard complains.

4. Sheppard also contends that the admission of the prior difficulties evidence was error because its prejudicial effect outweighed its probative value.

"Without some sort of probative connection between the prior act and the crime charged, the prejudicial nature of the prior act evidence will outweigh its probative value." [Cits.] However, a trial court's finding that "other transactions" evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact.

*Farley v. State,* 265 Ga. 622 (2) (458 SE2d 643) (1995). As noted above, instances of prior difficulties between Sheppard and family members, including Rickerson, were logically connected to the confrontation in which Sheppard shot Rickerson to death. We agree, therefore, with the implicit finding of the trial court that the probative value of the contested evidence outweighed its prejudicial impact.

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who concur specially.*

FLETCHER, Presiding Justice, concurring specially.

The majority opinion perpetuates the improper analysis of "other transactions" evidence. Prejudice is a factor in determining admissibility, not relevancy. Once a trial court decides that the evidence of prior difficulties is relevant, it must balance the probative value of the evidence against its prejudicial effect. Because the trial court in this case did not abuse its discretion in admitting the prior difficulties evidence, I concur specially in Division 4.

I am authorized to state that Justice Sears joins in this special concurrence.

DECIDED OCTOBER 21, 1996 —
RECONSIDERATION DENIED NOVEMBER 8, 1996.

*Fleming, Blanchard, Jackson & Durham, James G. Blanchard, Jr.,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Allison Goldberg, Assistant Attorney General,* for appellee.