## A03A1554. LOWTHER v. THE STATE.
### (587 SE2d 335)

ADAMS, Judge.

Defendant Robert Lowther was convicted by a jury of two counts of child molestation and two counts of enticing a child for indecent purposes,[1] and he appeals.

1. Lowther first contends that the trial court erred by admitting a statement he made to the investigating officer in which he denied being alone in his bedroom with the eight-year-old victim by explaining to the officer that he had learned his lesson when he "lost" his wife after he ran off with a fifteen-year-old girl from his church and got her pregnant. At trial, Lowther objected to the introduction of this statement on the basis that it would implicate his character and would inflame the jury.[2] The State argues the admission of the statement was not error because it constituted an integral part of Lowther's inculpatory statement or confession. We cannot agree with this characterization. Lowther's statement to the officer was exculpatory, and his reference to having learned his lesson was offered as an

---

[1] Although Lowther was originally sentenced on all counts, upon motion for new trial, the court merged the two counts of enticing a child with the two counts of child molestation.

[2] For the first time on appeal, Lowther urges that the procedures applicable to the introduction of similar acts evidence should have been followed in order for this evidence to have been properly introduced at trial. However, he did not argue this below, and we will not consider arguments on appeal different from those urged below and ruled upon by the trial court. *Waddell v. State,* 224 Ga. App. 172, 174 (2) (480 SE2d 224) (1996).

explanation as to why he would not have allowed the victim in his bedroom, where she contended the acts of molestation occurred.

It does not follow, however, that Lowther's conviction must be reversed. Under the highly probable test, which is the standard for weighing nonconstitutional error in criminal cases, *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), "a reversal is not required if the evidence of 'guilt is overwhelming in that there is no reasonable probability that the verdict of the jury would have been different in the absence of this error. (Cit.)' *Berry v. State*, 210 Ga. App. 789, 791 (3) (437 SE2d 630) (1993)." *Felder v. State*, 266 Ga. 574, 576 (2) (468 SE2d 769) (1996). Having reviewed the transcript of the proceedings below, we find that the direct and circumstantial evidence presented by the State of Lowther's guilt of the crimes charged was overwhelming and that the improperly admitted statement "does not constitute reversible error, since, viewing the posture of the entire record, we find that it is highly probable that such error . . . did not contribute to the verdict." (Citations and punctuation omitted.) Id.; *Hayward v. State*, 258 Ga. App. 566, 567-569 (1) (b) (574 SE2d 646) (2002).

2. Lowther also contends that the evidence did not establish beyond a reasonable doubt that the crimes occurred in Worth County, Georgia. *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000). The victim testified that the crimes occurred at Lowther's residence, and both the victim and the investigating officer from the Worth County Sheriff's Department testified that Lowther lived right next door to her. The investigating officer further testified that Lowther lived at 1070 Red Rock Road, Sylvester, Georgia, and that 1070 Red Rock Road is located in Worth County. This and other evidence of record was sufficient to establish venue in Worth County. *Branesky v. State*, 262 Ga. App. 33 (584 SE2d 669) (2003). This enumeration is thus also without merit.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 18, 2003.

*Melinda I. Ryals*, for appellant.

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.