**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 16, 2017**

# In the Court of Appeals of Georgia

A16A1954. PERSON v. THE STATE.

RAY, Judge.

Following a jury trial, Ladarius Person was convicted of one count each of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Person appeals from his convictions and the denial of his motion for new trial, contending that the trial court erred (1) in admitting testimony of a prior difficulty involving a witness; and (2) by commenting on the evidence at trial. Person also contends that he received ineffective assistance of counsel. For the following reasons, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence." (Citation omitted.) *Hall v. State*, 335 Ga. App. 895, 895

(783 SE2d 400) (2016). The evidence at trial showed that on January 28, 2012, the victim, Jarvis Meadows, had just arrived at his residence when Person's girlfriend, Kawantis Haynes, approached Meadows and asked him for gas money and a ride to the gas station. Haynes explained that she had taken Person's car without permission and had run out of gas on the way to Meadow's residence. Meadows agreed to assist Haynes, and the two drove to a gas station with a gas container to purchase some gas. Meadows then took Haynes back to Person's car. As Meadows was pouring the contents of the gas container into the car, Person arrived in another vehicle and an argument between Haynes and Person ensued. When Person slapped Haynes, Meadows came to her defense by punching Person in the face. Person then pulled out a handgun and chased Meadows down the street.

An eyewitness, Bertha Harris, gave a consistent account of the incident. Harris testified that she was standing at her front door when she observed two men and a woman "scuffling" in the street in front of her home. Harris further testified that she observed one of the men pull out an object that looked like a handgun and chase the other man and woman down the street.

After Person pulled out the handgun, Meadows ran about three blocks towards his house before again encountering Person, who was now in a vehicle. According

to Meadows, Person pointed the handgun out of the window and started shooting at him, striking him once in the hip.

At trial, the State was allowed to elicit testimony from Meadows concerning an earlier incident in which Meadows had intervened in a physical altercation between Person and Haynes.

In the indictment, Person was charged with two counts of aggravated assault, one for pointing a handgun at Meadows (Count 1) and the other for later shooting the handgun at him (Count 2). Person was also charged with possession of a firearm during the commission of a felony (Count 3) and possession of a firearm by a convicted felon (Count 4). The trial court had initially bifurcated the proceedings so that the jury would not be aware that Person had been charged with possession of a firearm by a convicted felon until it had reached a verdict on the other counts of the indictment. However, Person chose to testify in his own defense at trial and, during his testimony on direct, admitted that he had a prior felony conviction for possession of marijuana with intent to distribute. At the conclusion of Person's testimony, the State asked the trial court to read to the jury Count 4 of the indictment, which charged Person with possession of a firearm by a convicted felon. The State then moved to admit a certified copy of his prior felony conviction into evidence for the purposes

3

of impeachment, as well as for the purposes of proving Count 4 of the indictment. Person's trial counsel stated that he had no objection to the State's requests, and the trial court read Count 4 of the indictment to the jury and admitted the certified copy of Person's prior felony conviction into evidence.

After considering the above evidence, the jury convicted Person of aggravated assault for pulling out the handgun and pointing it at Meadows, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The jury found Person not guilty of the remaining charge of aggravated assault, which had alleged that Person shot at Meadows with a handgun. This appeal ensued.

1. Person contends that the trial court erred in admitting the evidence of the prior difficulty between Person and Haynes. Specifically, he argues that Haynes was not the alleged victim of the aggravated assault offenses for which Person stood charged and, thus, that the State was required to provide reasonable notice of its intention to introduce evidence of the prior difficulty pursuant to OCGA § 24-4-404 (b). We find his argument to be unavailing.

Pursuant to OCGA § 24-4-404 (b),

[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity

4

therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The prosecution in a criminal proceeding shall provide reasonable notice to the defense in advance of trial, unless pretrial notice is excused by the court upon good cause shown, of the general nature of any such evidence it intends to introduce at trial. *Notice shall not be required when the evidence of prior crimes, wrongs, or acts is offered to prove the circumstances immediately surrounding the charged crime, motive, or prior difficulties between the accused and the alleged victim.*

(Emphasis supplied.) It is well settled that "[a] trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion." (Citation and punctuation omitted.) *Green v. State*, 339 Ga. App. 263, 265 (1) (793 SE2d 156) (2016).

On the morning of trial, the State made a motion to allow the introduction of the prior difficulty in which Meadows observed Person physically attack Haynes, causing Meadows to come to Haynes's defense. The State sought to introduce such evidence to show Person's intent and motive, arguing that the prior difficulty between Person and Haynes "is what set the stage" for the crime against Meadows and the resulting charges for which Person was on trial. Over Person's objection, the trial court allowed testimony concerning the prior difficulty to be admitted into evidence.

5

Meadows testified that, two or three months before the incident in question, he observed Person grabbing Haynes "like he's fixing to choke her." When Meadows intervened in that altercation, Person relented and left the scene. With regard to the incident for which Person was on trial, Meadows testified that Person physically assaulted Haynes and Meadows intervened again, only this time Person pulled out a handgun.

> For there to be a probative connection between the prior difficult[y] and the present case, there must be some link of association, something which draws together the preceding and subsequent acts, something which gives color of cause and effect to the transaction, and sheds light upon the motive of the parties.

(Citation and punctuation omitted.) *Sheppard v. State*, 267 Ga. 276, 279 (3) (476 SE2d 760) (1996).

Although Person is correct that Haynes is not the victim of the crimes for which Person stood trial in this case, the prior difficulty that the trial court admitted into evidence did not involve *only* Person and Haynes. The prior difficulty also involved Meadows, who felt compelled to confront Person during both altercations between Person and Haynes. See *Sheppard*, supra at 277-279 (3) (testimony regarding defendant's prior difficulties with a witness was admissible because the victim was

6

involved in some of those prior difficulties and the circumstances leading up to the charged crime stemmed from the defendant's prior difficulties with the witness). Thus, Meadows's acts of intervening in both of the physical altercations between Person and Haynes was admissible to show the circumstances surrounding the charged crimes and the state of feelings between Person and Meadows that existed at the time of the crimes in this case. Furthermore, evidence of the prior difficulty "draw[s] together the preceding and subsequent acts and give[s] color of cause and effect to the transaction," shedding light upon the motive of the parties. (Citation and punctuation omitted.) Id. at 279 (3). Without showing Person's previous physical abuse of Haynes, the State would have been unable to adequately explain Meadows's decision to intervene in the subsequent altercation between Person and Haynes or to demonstrate the level of hostility that existed between Person and Meadows at the time of the physical confrontation which resulted in the charges for which Person was prosecuted. Id.

Based on the evidence of Meadows's intervention in the two altercations between Person and Haynes, a jury would be authorized to conclude that Person's actions toward Meadows was motivated by his desire to retaliate against Meadows for continuing to intervene in Person's physical abuse of Haynes. Thus, the trial court

7

was authorized to find that the prior difficulty was relevant to show motive, which is "the reason that nudges the will and prods the mind to indulge the criminal intent." (Citation and punctuation omitted.) *Anthony v. State*, 298 Ga. 827, 832 (4) (785 SE2d 277) (2016).

Lastly, as the prior difficulty was offered to prove the circumstances immediately surrounding the charged crime and the motive, the State was not required to provide notice in advance of trial of its intent to introduce such evidence. See OCGA § 24-4-404 (b).

Based on the grounds asserted by Person on appeal, we conclude that the trial court did not abuse its discretion in admitting evidence of the prior difficulty.

2. The more interesting issues in this case surround Person's decision on direct examination to admit that he had previously been convicted of a felony, such conviction which was the predicate for the charge of possession of a firearm by a convicted felon (Count 4). The trial court had bifurcated the proceedings so that the jury would not be aware of Person's conviction until it had passed judgment on the other charges.

(a) Following Person's testimony on direct, the State moved to admit a certified copy of his conviction into evidence for the purposes of impeachment, as well as for

8

the purposes of proving the offense of possession of a firearm by a convicted felon in Count 4 of the indictment. When defense counsel stated that he had no objection, the trial court ruled that the certified copy of the conviction would be admitted "in regard to each one of the elements that [the prosecuting attorney] just stated." Person now contends that the trial court's statement was an improper comment on the evidence and an expression of opinion as to Person's guilt. We disagree.

Pursuant to OCGA § 17-8-57, a judge is not allowed to express or intimate to the jury an opinion as to whether a fact at issue has or has not been proved or as to the defendant's guilt. On appeal, we review alleged violations of the statute under the plain error standard, even if the aggrieved party fails to object at trial. See *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010).

After our review of the colloquy between the trial court and counsel, we conclude that the trial court did not express or intimate its opinion with regard to Person's guilt or make a statement with respect to what had been proven. Rather, the trial court was announcing its ruling on the admissibility of the evidence and the purposes for which the jury could consider it. OCGA § 17-8-57 "does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence[,] . . . [and] remarks of a judge assigning a reason for his ruling are neither

9

an expression of opinion nor a comment on the evidence." (Citation and punctuation omitted.) *Pyatt v. State*, 298 Ga. 742, 747 (3) (784 SE2d 759) (2016). Accord *Graves v. State*, 322 Ga. App. 24, 27 (1) (743 SE2d 582) (2013) ("Pertinent remarks made by a trial court in discussing the admissibility of evidence or explaining its rulings do not constitute prohibited expressions of opinion") (citations and punctuation omitted).

Furthermore, any perceived ambiguity in the trial court's ruling was resolved by the trial court in its charge to the jury, wherein it instructed the jury, in pertinent part, as follows:

> [b]y no ruling or comment that the [c]ourt has made during the progress of the trial has the [c]ourt intended to express any opinion upon the facts of this case, upon the credibility of the witnesses, upon the evidence, or upon the guilt or innocence of the [d]efendant. Your verdict should be a true verdict based upon your opinion of the evidence according to the law given to you in this charge.

For the above reasons, Person's argument provides no basis for reversal.

(b) Person also contends that his trial counsel was ineffective for failing to request the trial court to give a limiting instruction to the jury after his prior conviction was admitted into evidence. Again, we disagree.

> To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient

10

performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. The failure to show either prong is fatal to appellant's ineffectiveness claim.

(Citations omitted.) *Massey v. State*, 306 Ga. App. 180, 184 (4) (702 SE2d 34) (2010).

Where a defendant is on trial for the offense of possession of a firearm by a convicted felon, along with other unrelated criminal offenses, and the State introduces the defendant's prior conviction for the purpose of proving the defendant's status as a convicted felon, the trial court must, upon request, instruct the jurors not to consider evidence of the defendant's prior felony conviction in deciding his guilt or innocence of any of the charges other than the possession of a firearm by a convicted felon charge. See *Barnett v. State*, 215 Ga. App. 46, 47 (2) (449 SE2d 651) (1994).

In this case, however, it was Person himself, not the State, who first alerted the jury to his prior felony conviction. The certified copy of his conviction that was admitted was merely cumulative of the evidence that Person introduced. Even assuming that trial counsel was deficient in failing to request a limiting instruction after the State introduced the certified copy of his conviction, Person has not

11

established that he was prejudiced by trial counsel's performance.[1] Given the testimony from Meadows and the eyewitness, Bertha Harris, as well as the fact that Person had himself first told the jury about his conviction, we conclude that it is highly probable that any failure to request a limiting instruction when the State introduced the certified copy of the conviction did not contribute to the guilty verdict.

*Judgment affirmed. Doyle, C. J., and Andrews, J., concur.*

---

[1] We note that an argument could be made that trial counsel was deficient by soliciting testmony from Pearson on direct regarding his prior conviction. However, such alleged error was neither argued below nor raised as error in this appeal, and we will not consider the same.