**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 6, 2019**

# In the Court of Appeals of Georgia

A18A1850. MAQROUF v. THE STATE.                    DO-058 C

DOYLE, Presiding Judge.

Following a jury trial, Mohammed Azozz Maqrouf was convicted of cruelty to a child in the first degree for kicking his daughter.[1] He appeals the denial of his amended motion for new trial, arguing that the trial court erred (1) by admitting evidence that Maqrouf subsequently molested another daughter; and (2) by refusing to charge the jury on the lesser-included offense of second-degree cruelty to a child. For the reasons that follow, we reverse.

> On appeal from a criminal conviction, the defendant is no longer presumed innocent[,] and all of the evidence is to be viewed in the light most favorable to the jury verdict. This Court does not reconsider evidence or attempt to confirm the accuracy of testimony. So long as

---

[1] OCGA § 16-5-70 (b).

there is some competent evidence to support each fact necessary to the State's case, even if contradicted, the jury's verdict will be upheld.[2]

So viewed, the evidence shows that Maqrouf and his wife, Zahoor, have two daughters. On June 15, 2012, Zahoor brought the girls — five-year-old S. M. and their two-year-old — to the gas station that she owned, and while there, she and Maqrouf argued. S. M. began to cry and urged Zahoor to leave, saying "let's go." Maqrouf told Zahoor to "make this little bitch [be] quiet, and kicked S. M. in the stomach, causing her to land against the wall across the room. When she tried to intervene and protect S. M., Maqrouf slapped Zahoor in the face and struck her in her back. When Zahoor attempted to gather the girls to return home, Maqrouf grabbed the two-year-old and threatened to snap her neck if Zahoor reported the incident to the police.

Zahoor did not call the police immediately after the incident. Instead, a day or two later, she called a detective with whom she was familiar after she saw Maqrouf enter their two-year-old daughter's room in the middle of the night, get into bed with the child, and then "ejaculate[] himself" with one hand while fondling his daughter

---

[2] (Citation and punctuation omitted.) *Johnson v. State*, ___ Ga. ___, ___ (1) (b) (Case No. S18A0805, decided Oct. 22, 2018).

under her underwear with his other hand. When the detective did not return her call immediately, Zahoor drove her children to the police department and reported both incidents.

Maqrouf was charged with first-degree cruelty to S. M. and family violence battery against Zahoor.[3] Zahoor and S. M. testified about the incident, and the State introduced photographs Zahoor took depicting bruises on her hand and on S. M. Zahoor also testified about multiple incidents of domestic violence committed by Maqrouf against her over a ten-year period, explaining that although she sometimes called the police, she usually recanted the allegations because her children "needed their father in their life."

Despite counsel's advice to the contrary, Maqrouf testified, insisting that both S. M.'s and Zahoor's testimonies about the June 15 incident were "lies" and suggesting that Zahoor fabricated the accusations to get back at him for issues regarding money and her family.

The jury found Maqrouf guilty of first-degree cruelty to a child, and he was sentenced to twenty years to serve the first ten in prison and the remainder on

---

[3] The State also charged Maqrouf with making terroristic threats but subsequently entered a nolle prosequi on that count before trial.

probation.[4] The trial court denied his amended motion for new trial, and this appeal followed.

1. Maqrouf argues that the trial court erred by admitting Zahoor's testimony that she observed him molesting their two-year-old daughter a day or two after the incident giving rise to the charges in the instant case as evidence of prior difficulties. We agree, and, tellingly, the State offers no argument in response to Maqrouf's challenge to the admission of the subsequent child molestation accusation.

Before trial, defense counsel moved in limine "to exclude any and all testimony about the pending [child molestation] charges of my client that he has in Clayton County," arguing that "it would be highly prejudicial and character evidence[,] as he has not been convicted of these charges yet." The State countered that the evidence was admissible under OCGA § 24-4-404 (b) ("Rule 404 (b)") to demonstrate "motive, plan,[ and] intent" and stated that it showed "a pattern of behavior . . . a pattern of violence in this household." The prosecutor asserted that the State was not required to give notice that it intended to introduce the evidence because it was being "offered to prove the circumstances immediately surrounding the charged crime to prove motive or any and all prior difficulties between the accused and any of the alleged

[4] Maqrouf was acquitted of family violence battery.

victims. . . ." The prosecutor stated that after Zahoor witnessed Maqrouf "doing this to her two children, that was it for her. That was the breaking point. That's what caused the nexus between these two things and for the police to finally get involved."

The trial court asked the prosecutor whether "the victim is the same in both cases," and the prosecutor responded, "Yes." The court then denied the motion in limine, stating: "I'm going to find that the Clayton County conduct is relevant and that the probative value is not substantially outweighed by its undue prejudice and admit the prior difficulty evidence over objection." Although the court did not specify the purpose for admitting the evidence in its ruling, it later gave the jury the pattern charge on prior difficulties, as requested by the State:

> Evidence of prior difficulties between the defendant and the alleged victim has been admitted for the sole purpose of illustrating, if it does, the state of feeling between the defendant and the alleged victim. Whether this evidence illustrates such matters is solely a matter for you, the jury, to determine, but you are not to consider such evidence for any other purpose.[5]

---

[5] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3d ed.), § 1.34.20, p. 27.

During the trial, Zahoor testified that a day or two after the incident giving rise to the charges in the instant case, she witnessed Maqrouf molesting their two-year-old daughter, not S. M. (the victim in the instant case), as the State had represented to the trial court during the motion in limine.[6]

(a) Pursuant to Rule 404 (b), although evidence of other acts is inadmissible to show an accused's propensity to commit a crime, it may "be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[7] The State is not required to give notice of the defense in advance of trial "when the evidence of prior crimes, wrongs, or acts is offered to prove the circumstances immediately surrounding the charged crime, motive, or prior difficulties between the accused and the alleged victim."[8]

---

[6] During direct examination, the prosecutor asked Zahoor if she was "suspicious prior to this," and Zahoor responded, "Yes. Many time I told him that how he close to her. On many occasion I notice he holding the baby and his — he up. I said why -- why you and --you shouldn't have that feeling holding your kid in your hand. . . ."

[7] *Brooks v. State*, 298 Ga. 722, 724 (2) (783 SE2d 895) (2016), quoting OCGA § 24-4-404 (b).

[8] OCGA § 24-4-404 (b).

"Unlike similar transactions, prior difficulties do not implicate independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus."[9]

> Evidence of prior difficulties between an accused and a victim is a type of character evidence which should be received with care and should not be admitted at all if there is no probative connection with the present case. For there to be a probative connection between the prior difficulties and the present case, there must be: some link of association, something which draws together the preceding and subsequent acts, something which gives color of cause and effect to the transaction, and sheds light upon the motive of the parties.[10]

Although the Supreme Court of Georgia has affirmed the admission of prior difficulties between the defendant and a person other than the victim in the charged case, the Court explained that such evidence was admissible "to draw together the preceding and subsequent acts and give color of cause and effect to the transaction

---

[9] (Punctuation omitted.) *Blackwell v. State*, 346 Ga. App. 833, 838 (2) (815 SE2d 288) (2018).

[10] (Punctuation omitted.) *Sheppard v. State*, 267 Ga. 276, 278-279 (3) (476 SE2d 760) (1996).

7

and to show a continuous course of conduct."[11] As this Court has previously explained, "[a]lthough evidence of prior difficulties should be received with care and should not be admitted at all if there is no probative connection with the present case, [if] the evidence sheds light on the defendant's conduct toward the victim, its relevance outweighs its prejudicial effect."[12]

"We review a trial court's decision to admit evidence of prior difficulties between the parties for a clear abuse of discretion."[13] But if "a trial court's ultimate ruling is subject to only an abuse of discretion review, the deference owed the trial court's ruling is diminished when the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree."[14] Because the prosecutor in this case (presumably mistakenly) misled the trial court by stating that the victim in the molestation case was the same child as the victim in the instant case,

---

[11] (Punctuation omitted.) Id. at 279 (3).

[12] (Punctuation omitted.) *Morrow v. State*, 230 Ga. App. 137, 140 (2) (b) (495 SE2d 609) (1998).

[13] *Edge v. State*, 345 Ga. App. 794, 798 (3) (815 SE2d 146) (2018).

[14] (Punctuation omitted.) *State v. Atkins*, 304 Ga. 413, 417 (2) (819 SE2d 28) (2018), quoting *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011).

our deference to the court's ruling on the admission of the other acts evidence is diminished.[15]

Here, Maqrouf's sexual molestation of his two-year-old daughter a day or two after his preceding act of kicking five-year-old S. M. during an argument with his wife are not a "continuous course of conduct," nor does evidence of the molestation shed light on the Maqrouf's motives or his conduct towards S. M. Instead, they are unrelated acts.

Pretermitting whether the evidence was relevant, however, it does not satisfy the requirements of OCGA § 24-4-403 ("Rule 403"), which provides: "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In conducting the Rule 403 balancing test, we must consider whether the trial court "properly considered all the circumstances surrounding the [other] act

---

[15] We note that at the motion for new trial hearing, the defense elicited testimony from Maqrouf's trial counsel and presented argument that the child in the subsequent child molestation was a different child than the victim in the charged offense. The trial court's order denying the motion for new trial does not elaborate on its ruling regarding admission of the evidence and simply denies the motion on that basis without explanation or mention of the prosecutor's misrepresentation.

9

evidence, including the similarities between the charged act and the [other] act, the remoteness in time between the charged act and the [other] act, and the prosecution's need for the [similar] act evidence."[16]

Here, although the two acts occurred within a day or two of each other, they are not similar. Although both acts were committed against his young daughters, one involved kicking the five-year-old while arguing with his wife, and the other was an act of sexual molestation against his younger daughter. And contrary to the State's argument, Zahoor's testimony that she was only motivated to report the assault against S. M. after witnessing him molest their other daughter is not probative of whether he committed the charged crime against S. M. Further, Zahoor was allowed to testify as to a pattern of family violence explaining why she delayed calling the police. Therefore, the State has not demonstrated a need for the similar act evidence, and the probative value of the subsequent molestation was minimal.

Having so concluded, we must now weigh the extremely low probative value of the evidence against the danger of unfair prejudice.

---

[16] (Punctuation omitted.) *Jones v. State*, 301 Ga. 544, 548 (2) (802 SE2d 234) (2017).

As the Supreme Court of Georgia has explained, one of the dangers inherent in the admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged but for the extrinsic offense, because the jury may feel that the defendant should be punished for that activity even if [he] is not guilty of the offense charged. Indeed, the major function of Rule 403 is to exclude matters of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. And [any time evidence of a separate] crime is admitted into evidence, there is a prejudicial effect. Here, because the probative value of [Maqrouf's] subsequent [molestation of his other daughter] was minimal given all the attendant circumstances, the danger of interjecting *unfair* prejudice was a greater risk.[17]

This is particularly true here, in light of the nature of the crime Maqrouf allegedly committed against his two-year-old daughter.

(b) Having determined that the trial court erred by admitting evidence that Maqrouf subsequently molested his two-year-old daughter, we must now review the record de novo to determine whether the error was harmless.[18]

---

[17] (Citations and punctuation omitted; emphasis in original.) *Houseworth v. State*, ___ Ga. App. ___, ___ (2 ) (Case No. A18A1105, decided Oct. 22, 2018), quoting *Jones*, 301 Ga. at 548 (2) & *Brown v. State*, 303 Ga. 158, 162 (2) (810 SE2d 145) (2018).

[18] See *Brown*, 303 Ga. at 164 (2).

11

The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict. Under the "highly probable" test, a reversal is not required if the evidence of guilt is overwhelming in that there is no reasonable probability that the verdict of the jury would have been different in the absence of [the] error. Admission of evidence does not constitute reversible error where, viewing the posture of the entire record, it is highly probable that its admission did not contribute to the verdict.[19]

Here, although both Zahoor and S. M. testified that Maqrouf kicked S. M., and the State introduced photographs of bruises on S. M., Maqrouf denied the charges at trial.[20] Furthermore, the jury acquitted him of family violence battery against Zahoor, despite her testimony that he slapped and struck her. And Zahoor's testimony that she observed Maqrouf molesting their two-year-old, as well as her "suspicions" about his inappropriate feelings towards the child, "was extremely prejudicial in the eyes of the jury. Based on this record, we cannot conclude it is highly probable that the erroneous

---

[19] (Citations and punctuation omitted.) *Sanchez-Villa*, 341 Ga. App. at 273 (1) (b), quoting *Rivera v. State*, 295 Ga. 380, 382 (2) (761 SE2d 30) (2014) & *Lowther v. State*, 263 Ga. App. 282, 283 (1) (587 SE2d 335) (2003).

[20] The photographs in the appellate record are very dark, making it difficult to discern the images.

admission of the challenged other acts evidence did not contribute to the verdict."[21]

Because the evidence was sufficient to support Maqrouf's conviction, however, he may be retried.[22]

2. In light of our holding in Division 1, Maqrouf's remaining enumeration is moot.

*Judgment reversed. Dillard, C. J., and Mercier, J., concur.*

---

[21] *Brooks v. State*, 298 Ga. 722, 727-728 (2) (783 SE2d 895) (2016). See also *Sanchez-Villa*, 341 Ga. App. at 274 (1).

[22] See *Hart v. State*, 305 Ga. App. 259 (699 SE2d 445) (2010).